UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| CLARENCE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cv-00048-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| EASTERN EXPRESS, INC., *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Technology Insurance Company's (TIC) Motion to Intervene. [R. 18.] Neither the Plaintiff nor the Defendants have objected or otherwise responded to the motion and the time for doing so has elapsed. *See* LR 7.1(c). For the reasons set forth below, TIC's motion will be **GRANTED**.

**I**

Plaintiff Clarence Robinson originally filed this action in Henry Circuit Court. [R. 1-1.] He claims that he suffered injuries when he was struck by a vehicle negligently driven by the Defendant Gary Isham on June 10, 2021. *Id.* at 3. He further claims that Mr. Isham was acting within the course and scope of his employment for the Defendant, Eastern Express, when the accident occurred. *Id.* The Defendants removed the matter to this Court, invoking its diversity jurisdiction under 28 U.S.C. § 1332. [R. 1.] TIC then moved to intervene. [R. 18.]

According to the Intervening Complaint, TIC is liable to pay workers' compensation benefits for Mr. Robinson's injuries. [R. 18 at 1.] It has paid Robinson both indemnity and medical benefits, and is also liable for continuing payments. *Id.* It alleges that TIC "has a

statutory right of subrogation in this claim" pursuant to applicable workers' compensation law, including KRS 342.700, Tenn. Code §8-27-903, and Tenn. Code §50-6-112. *Id.*

## II

Federal Rule of Civil Procedure 24(a) governs intervention of right. Rule 24(a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." According to the Sixth Circuit,

> [t]he criteria that must be satisfied before intervention as of right will be granted are: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest absent intervention, and (4) inadequate representation of that interest by parties already before the court."

*United States v. Tennessee*, 260 F.3d 587, 591-92 (6th Cir. 2001) (citing *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)).

Rule 24(b) governs permissive intervention, and provides that, "[o]n timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). *See also Bradley v. Miliken*, 828 F.2d 1186, 1193-94 (6th Cir. 1987).

The Court will permit TIC to intervene under Rule 24(a). It asserts a substantial legal interest in this case that could be impaired absent intervention. If the Plaintiff in this case is successful, TIC will be entitled to subrogation. Ky. Rev. Stat. § 342.700. It will lose its right to

subrogation if it does not intervene.  See Ky. Rev. Stat § 411.188(2); *see also Jones v. Midwest Poultry Servs, LP*, No. 3:17-cv-00225-CRS, 2017 WL 3082675, at 2 n.1 (W.D. Ky. July 19, 2017) (Explaining that although "[t]he Supreme Court of Kentucky held Kentucky Revised Statutes § 411.188(3) to be unconstitutional in *O'Bryan v. Hedgespeth*, 892 S.W.2d 571 (Ky. 1995)[,] [t]he Court of Appeals of Kentucky subsequently held that the rest of the statute remains in effect.  *Gov't Emps. Ins. Co. v. Winsett*, 153 S.W.3d 862, 865 (Ky. Ct. App. 2004).").  Its interests are distinct from Mr. Robinson's because it seeks repayment for expenses it has already paid out.  *See Jones*, 2017 WL 3082675, at *2.

Courts frequently grant motions to intervene in similar circumstances.  *See, e.g.*, *id.*; *Marquez-Warner v. Campus Crest at Louisville, LLC*, No. 3:15-cv-172-DJH-CHL, 2018 WL 11446385 (W.D. Ky. Apr. 6, 2018).  TIC's intervention serves the interest of judicial economy by allowing the Court to consider all the issues arising from the same event in one lawsuit.  And the fact that the original parties to this litigation have not objected to TIC's motion tips the balance in favor of permitting intervention.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. TIC's Motion to Intervene **[R. 18]** is **GRANTED**; and

2. The Clerk of the Court is directed to file the Intervening Complaint **[R. 18-1]** in the record as of the date of entry of this Order.

This the 9th day of April, 2024.

*Gregory F. Van Tatenhove*
Gregory F. Van Tatenhove
United States District Judge